BEIDERBECKE & MILLER v. THE MERCHANTS DESPATCH TRANS-PORTATION COMPANY.

1. **Evidence:** WEIGHT OF: SUFFICIENCY. The finding of a court, acting for a jury, will not be disturbed on the ground that it is against the weight of evidence, in a case where the evidence is conflicting.

2. ———: LOST CONTRACT. Where the terms of a lost contract were in controversy, evidence of the custom of the parties, of conversations respecting the subject matter of the contract, and of the general nature and scope of such contracts, was not irrelevant or immaterial.

*Appeal from Scott District Court.*

WEDNESDAY, OCTOBER 7.

THIS is an action to recover $167.58, the value of certain goods which plaintiffs allege they shipped with the defendant in New York City to Davenport, on September 30, 1871. The amended petition sets up that the original bill of lading is lost, and that the copy annexed to the original petition is not a true copy; that the contract of defendant was to carry the goods from New York to Davenport, and the goods were never delivered. The answer is in denial; that the contract was to carry only to Chicago, and the goods were so carried and delivered at a warehouse in Chicago, where they were burned

in the great Chicago fire. Trial to the court, who found for plaintiffs. The defendant appeals.

*J. W. Stewart*, for appellant.

*Martin & Murphy*, for appellee.

COLE, J.—The only issue in the case is as to the contract of affreightment. The plaintiffs claim that the defendant agreed

1. EVIDENCE: weight of: sufficiency.

to carry the goods from New York to Davenport; while the defendant claims that it only undertook to carry the goods to Chicago. There is no controversy but that the original ticket of receipt for the goods and the original bill of lading, if one was given, are lost or mislaid; they are not produced on the trial. Nor is there any controversy as to the value of the goods, that they were shipped September 30, 1871, arrived in Chicago, October 8, at 2:20 A. M., were taken from the car and put in the warehouse before 9 A. M., of that day, and were destroyed with the warehouse, and other goods by the great fire of that or the succeeding day. If the contract was to carry to Chicago only, it is not claimed that the defendant is liable. The evidence as to what the contract was is conflicting and voluminous. The learned District Court found the contract against the defendant, and under the rule so often announced respecting the weight of evidence, we cannot interfere.

In the absence of the original contract, parol evidence of the contract was admissible. As tending to show that it was

2. ———: lost contract.

to carry the goods to Davenport, it was not immaterial, or irrelevant to prove that the defendant had been in the habit of receiving goods for the plaintiffs in New York, and delivering the same to them in Davenport. Nor was the evidence of the conversation with the defendant's agent respecting the shipment of the goods, and the general nature of the contracts of shipment, and the meaning given to certain terms used, irrelevant or immaterial for the purpose of arriving at the real contract in this case. But further than this, it must be remembered that the question of fact was submitted to the court, and in such case the question of the admis-

sibility of evidence can seldom be raised. 1 Greenl. on Ev. § 49. And it is not to be presumed that the judge give improper or undue consideration to these circumstances.

We see no ground for interfering with the judgment.

AFFIRMED.